IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. ELLIOTT, SR.,<br>      Plaintiff<br><br>  vs.<br><br>DARLENE LINDERMAN, Mail Room Supervisor; HARRY WILSON, Superintendent; CAROL A. SCIRE, Superintendent Assistant/Grievance Coordinator; MARY ANN KUSHNER, Administrative Officer; RAYMOND W. DORIAN, Assistant Counsel; JEFFREY A. BEARD, Secretary of the Department of Corrections of Pennsylvania,<br>      Defendants | Civil Action No. 06-447<br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.  Recommendation

   It is respectfully recommended that the complaint in the above-captioned case (Docket No. 4) be dismissed for failure to prosecute.

II.  Report

   The plaintiff has presented a civil rights complaint alleging that the defendants have deprived him of or interfered with his right of access to the courts. The defendants filed a motion to dismiss or for summary judgment and on September 20, 2006, this Court issued an order directing plaintiff to file his response to said motion on or before October 25, 2006. Thereafter, Plaintiff requested a stay of this action contending that he was being denied his legal materials by Department of Corrections personnel which were needed to properly respond to the pending motion. It appearing from uncontroverted evidence presented in another of Mr. Elliott's

cases that this averment was not accurate, this Court denied the requested stay and ordered Plaintiff to respond to the outstanding motion to dismiss/for summary judgment on or before December 20, 2006. To date, Plaintiff has not filed a response. Instead, he filed a motion for enlargement of time to present "evidence" to the court to controvert the defendants' declaration regarding possession of his legal materials. However, Plaintiff failed to identify the nature of the "evidence" and why it could not have been produced in a more timely fashion and, therefore, this Court denied the motion.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders which weighs heavily against him. It was solely Plaintiff's personal responsibility to

comply with the Court's directives and his failure to do so on two occasions appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
United States Magistrate Judge

Dated: 27 December, 2006

3

cc: Hon. Joy Flowers Conti
United States District Judge

Joseph A. Elliott, Sr.
CA-1717
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

Mariah Passarelli
Deputy Attorney General
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219